UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PATRICE BENJAMIN and BRENDA THOMAS,

                     Plaintiffs,

      -against-                             **ORDER**
                                          CV 04-3345 (ADS)(ARL)

BROOKHAVEN SCIENCE ASSOCIATES,

                     Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Defendant moves by letter application dated December 6, 2005 for an order compelling plaintiff Benjamin to appear for his deposition on a day other than a Monday. According to the defendant, Mr. Benjamin has refused to appear for his deposition on a day other than a Monday due to his work schedule and the parties have been unable to find a mutually agreeable Monday between now and the January 31, 2006 close of discovery.[1] Defendant explains that while all parties are available after 11:30 a.m. on Monday, December 19, 2005, it anticipates that the deposition will take the entire seven hours allotted by the federal rules and therefore requests that Mr. Benjamin be ordered to appear for his deposition during regular business hours. Plaintiffs oppose the application, stating that because all parties are available on December 19, 2005 at 11:30 a.m., the court should direct that the deposition be taken on that date at that time. Plaintiffs acknowledge, however, that given plaintiffs' counsel's obligation to appear in court in Putnam County on another matter at 9:30 a.m. on December 19th, counsel "may be a bit late due

---

[1] While the defendant states that all parties will be available on January 23, 2006, the parties have apparently agreed to complete the plaintiffs' depositions prior to taking those of the defendant. The court will not disturb that agreement. As such, the January 23, 2006 date is unacceptable as it does not leave sufficient time to complete the depositions noticed by the plaintiff in advance of the January 31, 2006 deadline.

to traffic." By letter dated December 7, 2005, the defendant has advised that it is no longer available on December 19, 2005.

Given counsels' unavailability to take Mr. Benjamin's deposition during normal business hours on December 19th, and in light of the fact that the parties cannot agree on any other Monday, the court directs Mr. Benjamin to appear for his deposition on another day. While the court understands Mr. Benjamin's reluctance to take a day off from work, the plaintiff chose to bring this action and, accordingly, is required to make himself available for his deposition. Accordingly, the parties are directed to confer and to schedule Mr. Benjamin's deposition during regular business hours on a mutually agreeable date before **December 23, 2005.** If the parties cannot agree on the date, the defendant shall schedule the deposition so as to provide the plaintiffs with at least seven days advance notice. Plaintiff Benjamin is warned that his failure to appear for his deposition may lead to a recommendation to District Judge Spatt that his case be dismissed for failure to prosecute pursuant to Fed. R. Civ. Pro. 41(b).

Dated: Central Islip, New York
       December 7, 2005

**SO ORDERED:**

/s/
_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge